

**SO ORDERED.**

**SIGNED this 26 day of September, 2005.**

```
_____
                LEIF M. CLARK
        UNITED STATES BANKRUPTCY JUDGE
```
_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE<br><br>TEXAS BUMPER EXCHANGE, INC.<br><br>   DEBTOR | BANKR. CASE NO.<br><br>05-50305-C<br><br>CHAPTER 7 |
| JOHN PATRICK LOWE, TRUSTEE<br><br>   PLAINTIFF<br><br>V.<br><br>RAMIRO VELIZ<br><br>   DEFENDANT | <br><br><br><br>ADV. NO. 05-5040-C |

**ORDER DENYING MOTION TO SET ASIDE AND VACATE ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO ANSWER INTERROGATORIES, PRODUCE DOCUMENTS, AND FILE APPROPRIATE RESPONSES TO REQUESTS FOR ADMISSION, AND FOR REHEARING ON PLAINTIFF'S MOTION TO COMPEL**

CAME ON for consideration the foregoing matter. On July 15, 2005, the plaintiff in this case filed a motion to compel defendant to answer interrogatories, produce documents, and to file appropriate

responses to requests for admission. On July 20, 2005, the clerk of court set the motion for hearing on August 2, 2005 at 9:30 a.m. Notice of the setting was given to defendant, through counsel. On August 1, 2005, the day before the scheduled hearing, defendant's counsel, Hugo Xavier de los Santos, filed a motion to continue the hearing set for the next day. De Los Santos claimed that he could not attend because he was also scheduled to be in Brownsville, Texas for a court-ordered mediation for another case at the same time. The motion did not explain why he was not aware of this scheduling conflict until the day before. De los Santos communicated his dilemma to plaintiff, John Patrick Lowe, who generously agreed not to contest the request for continuance, provided the court was agreeable as well. Lowe appeared at the hearing the next day, and relayed both De los Santos' desire for a continuance, and the fact that he (Lowe) did not oppose it.

The court declined to grant the continuance, however. The court referenced Bankruptcy Local Rule 9013(e)(2), which states that "[t]he agreement of ... parties to a continuance is not, of itself, good cause for granting a continuance." The court also noted that motions for continuance are, by the same local rule, required to be filed not less than three days before the scheduled hearing, absent extraordinary circumstances. No extraordinary circumstances were recited in the motion for continuance. The motion simply stated that De los Santos had a conflict with a "previously set [sic: read "scheduled"] court ordered mediation in Brownsville," without disclosing how or when the conflict arose.[1]

---

[1] The motion to reconsider, long after the fact, offers that De los Santos, "[u]pon learning of the scheduling conflict and after being unable to reschedule the court ordered mediation or otherwise resolve the scheduling conflict ...", contacted Lowe to reach an agreement on resetting the hearing on the motion. *See* Motion to Set Aside and Vacate Order, at ¶ 2. None of these efforts were detailed in the motion for continuance. They would have been unavailing anyway. De los Santos surely knew of the scheduling conflict well before the day before the hearing, and could have, at the least, filed his motion for continuance timely, in accordance with the local rules. In all events, given the choice between attending a court hearing, and attending a court-ordered mediation, most prudent counsel would not make the choice that De los Santos did.

The continuance was not warranted, even if it had been timely, because the conflicting "setting" was not another court setting. It was a mediation. What is more, the motion did not indicate which matter had been scheduled

The court proceeded to the merits of plaintiff's Rule 37(a) motion to compel. After reviewing the objections to the proffered discovery, the court ruled that the objections were not well taken. Accordingly, the court granted plaintiff's request, and entered an order compelling Defendant to respond to the proffered discovery.[2] *See* FED. R. CIV. P. 37(a)(2)(B), (3).

Now, defendant, through counsel, seeks to set aside the court's Rule 37(a) order compelling defendant to respond to discovery. The essence of defendant's argument boils down to a simple assertion: that the court, by denying De los Santos' last minute motion for continuance, denied defendant "the right and opportunity to have his objections to discovery determined on the merits." Motion to Set Aside and Vacate Order, at ¶ 6. On that ground, defendant claims that the order should be vacated, and that he be given an opportunity to argue the merits of his objections to discovery.

At the outset, we need to address the standard for setting aside a Rule 37 order. Any order on a nondispositive motion within an adversary proceeding is, by definition, interlocutory. BLACK'S LAW DICTIONARY 832 (8th ed. 2004). The order from which defendant seeks relief in this motion addressed a nondispositive discovery issue. It did not dispose of the merits of the litigation.[3] It is thus an interlocutory order. The Advisory Committee Notes to Rule 60(b) of the Federal Rules of Civil Procedure explain that

---

first – the hearing on the plaintiff's motion to compel, or the court-ordered mediation. Because the motion to compel directly affected the prompt administration of this adversary proceeding, the court viewed the thinly supported and very untimely motion for continuance as but adding to the delay already occasioned by defendant's evident failure to promptly and properly respond to discovery. Granting a continuance would only have rewarded defendant and exacerbated the problem of delay. Thus, despite plaintiff's announcement to the court, and plaintiff's willingness to accommodate defendant's counsel, the court was not persuaded to grant the continuance. In the words of Mr. Lowe in his response to this motion, De los Santos "gambled that a late filed Motion for Continuance would be granted ... but counsel lost his bet."

[2] The discovery included interrogatories propounded under Rule 33, requests for production of documents pursuant to Rule 34, and requests for admissions, pursuant to Rule 36.

[3] Of course, should a party *fail* to comply with an order to compel, a subsequent order striking an answer *would* be dispositive of the case. We are not at that stage of the proceedings here.

"interlocutory judgments are not brought within the restrictions of this rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." FED. R. CIV. P. 60(b) advisory committee's note; *Wilson v. Johns-Mansville, Corp.*, 873 F.2d 869, 871 (5th Cir. 1989). Thus, this court has broad discretion to grant or deny relief from this order to compel and for sanctions, "as justice requires." *See Zimzores v. Veterans Admin.*, 778 F.2d 264, 267 (5th Cir. 1985); *In re Bradford*, 192 B.R. 914, 916 (E.D. Tenn. 1996).

Defendant claims that justice requires setting aside the order compelling him to respond to discovery because the ruling "... deprives Defendant of the opportunity and right to have his objections determined on the merits." Motion to Set Aside and Vacate Order, at ¶ 6. In essence, it appears to be defendant's position that objections to discovery can *only* be evaluated at a hearing at which defendant appears and has the chance to argue the merits of those objections.

Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure states that,

> If a deponent fails to ... answer an interrogatory submitted under Rule 33, ... or if party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, ... or an order compelling inspection in accordance with the request.

FED. R. CIV. P. 37(a)(2)(B). Rule 37(a)(3) adds that "[f]or purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(3). The Rule finally provides that "[a] party, upon reasonable notice to other parties ... may apply for an order compelling disclosure or discovery ..." FED. R. CIV. P. 37(a). The Rule does not by its terms require that there be a hearing on the party's application for an order compelling discovery

4

– only that there be reasonable notice. When objections are interposed to interrogatories, Rule 33(b) requires that those objections be stated "with specificity" and that the party submitting the interrogatories may then "move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory." FED. R. CIV. P. 33(b)(4)-(5). The Advisory Committee's notes to Rule 33 state that a court need only "pass on the objections" after they are made and after the interrogating party makes a motion to compel under Rule 37(a). FED. R. CIV. PRO. 33 advisory committee's note (1970 amendment); *In re Convergent Techs. Secs. Litig.*, 108 F.R.D. 328, 340 (D.C. Cal. 1985). Rule 34(b) also permits a party to interpose objections, but also contemplates that the party *seeking discovery* can apply for an order compelling production, via Rule 37(a). *See* FED. R. CIV. P. 34(b). The Advisory Committee note states that the procedures for Rule 34 are "essentially the same as that in Rule 33 ... and the note appended to that rule is relevant to Rule 34 as well." *See* FED. R. CIV. P. 34(b) advisory committee's note (1970 amendment). Similarly, Rule 36 contemplates the party *seeking* responses to admissions to "move to determine the sufficiency of the answers *or objections*." FED. R. CIV. P. 36(a). Adds that rule, "[u]nless the court determines that an objection is justified, it shall order that an answer be served." *Id*.

The rules do *not* require a hearing to be held in order for a court to pass on the legitimacy of objections to discovery. A court could, if it so chose, rule on the moving papers alone with respect to a Rule 37(a) motion to compel.[4] *White v. Wirtz*, 402 F.2d 145, 148 (10th Cir. 1968). A party seeking to resist discovery must make its best case for doing so in its objections to the discovery itself. *See id; see*

---

[4] Black's Law Dictionary defines "pass" as "To pronounce or render an opinion, ruling, sentence, or judgment ..." BLACK'S LAW DICTIONARY 1155 (8th ed. 2004). Thus, Congress' use of the word "pass" in addition to Congress' failure to specifically require a hearing evince an intent not to require a hearing before ruling on such objections.

5

*also In re Folding Carton Antitrust Lit*., 83 F.R.D. 260 (D.C. Ill. 1979) (citations omitted).  If those objections are not facially sustainable, then the court is permitted to overrule them, and to order compliance, as the court did here.  The defendant's objections to interrogatories, requests for production, and requests for admission were not facially sustainable.  If defendant here intended to present his first, best case for resisting discovery at a hearing on a motion to compel, rather than clearly and facially in his responses to discovery, then movant failed to heed the clear warnings in the rules themselves – the objections must be clear and specific, such that they are facially sustainable, failing which they may be overruled, without further hearing.  *See In re Folding Carton*, 83 F.R.D., at 264.

The court in fact *did* consider defendant's objections, at a hearing no less.  Defendant had no affirmative entitlement to a hearing, as the foregoing demonstrates, but defendant certainly had the opportunity to *attend* the hearing, and to make legal arguments in support of his objections.  His counsel failed to attend the hearing, for an excuse the court found both factually and legally insufficient.  Whether a hearing had been held or not, however, and whether defendant's lawyer had a good reason or not for failing to attend the hearing, the objections were found to be unsustainable on their face.  The court is satisfied that its ruling in that regard was not incorrect.  Justice does not require that the order to compel be vacated, especially on the flimsy legal argument of defendant that he was "deprived of the right and opportunity" to have his objections determined on their merits.

A party resisting discovery is swimming against a strong upstream policy current.  The policy underlying the discovery rules encourages *more* rather than less discovery, and discourages obstructionist tactics. *Marchland v. Mercury Med. Ctr.*, 22 F.3d 922, 936 (9th Cir. 1994) (the overall goal of the federal rules is to facilitate efficient discovery and not evasion).  Rule 37 assures that this policy is enforced:

"Under Rule 37 ... any party or person who seeks to evade or thwart full and candid discovery incurs the risk of serious consequences ..." 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2281 (2d. Ed. 1994).  Defendant's approach to discovery runs counter to this policy.  Defendant believes that the real basis for his objections can be reserved until a hearing on a motion to compel filed by the party seeking discovery.  Defendant believes that an order to compel can never be entered unless and until the defendant is present before the court (through counsel, of course) to there argue the merits of each objection.  Defendant believes that the mere fact that his lawyer had other things to do that day literally ties the court's hands, preventing it from being able to enter any order to compel until the defendant's lawyer finally finds room in his busy schedule to actually attend a hearing.  Were defendant's version of the rules of discovery to be adopted, little real discovery would ever occur, and parties seeking discovery would be forced to spend countless hours and dollars prying discovery out of recalcitrant opponents.  That is clearly not the version of the discovery rules actually promulgated by the Judicial Conference of the United States, nor is it the version of the rules enforced in this circuit.  *See Shipes v. Trinity Industries, Inc.*, 987 F.2d 311, 323 (5th Cir. 1993) ("We hold that the district court did not abuse its discretion in sanctioning Rader.  In its order of March 5, 1984, the district court noted that Trinity had been recalcitrant in relation to the discovery sought by Shipes. As early as November 24, 1981, the district court observed that Trinity's entire posture was infected with a tone of indifference and disrespect for clearly established rules of procedure.").

      Justice, far from requiring relief from the order, demands that the order stand, else defendant's continuing effort to frustrate the plaintiff's legitimate efforts at discovery will only be rewarded.  Further, justice certainly does not require the court to insulate Defendant from his own attorney's lack of diligence.

Accordingly, the court DENIES Plaintiff's motion to set aside this court's order granting Plaintiff's motion to compel Defendant to answer interrogatories, to produce documents and to file appropriate responses to requests for admission and for rehearing on Plaintiff's motion to compel.

# # #